# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0891
════════════

IN RE CARRIE DEAN, RELATOR

════════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
════════════════════════════════════════════════════════

JUSTICE LEHRMANN, concurring.

While I agree with the Court's reasoning and join its opinion, I write separately to emphasize that the New Mexico court may decline jurisdiction if it determines that New Mexico is an inconvenient forum. *See* N.M. STAT. § 40-10A-207(a) ("A court of this state which has jurisdiction under the [Act] to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."). Because the divorce suit is pending in Texas, which has personal jurisdiction over both parties, child support and property issues may be litigated here even if New Mexico has jurisdiction over custody matters. Additionally, while New Mexico courts would have *in rem* jurisdiction to grant a divorce, those courts may lack personal jurisdiction over Richard for support and property matters incident to that divorce, a matter we cannot ascertain from the limited record before us. Litigating custody in one state and divorce in another is inefficient and expensive, and the New Mexico court may conclude on that basis that Texas is the more convenient forum. Consequently, that court may decline jurisdiction under the Act. *See id.*

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** December 21, 2012